## SCOTT PAPER COMPANY
### vs.
## ERNEST H. JOHNSON, STATE TAX ASSESSOR

Kennebec.   Opinion, March 7, 1960.

*Weeks, Hutchins & Frye*, for plaintiff.

*Ralph W. Farris, Sr.*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J.   On report.   The facts are presented by agreed statement.   The application of a portion of Sec. 2 of Chap. 17, R. S., 1954 (Sales and Use Tax Law) to the agreed facts is in issue.   The pertinent portion of Sec. 2 reads:

" 'Sale price' means the total amount of the sale or lease or rental price, as the case may be, of a

retail sale, including any services that are a part of such sale, valued in money, whether received in money or otherwise, including all receipts, cash, credits and property of any kind or nature, and also any amount for which credit is allowed by the seller to the purchaser, without any deduction therefrom on account of the cost of the property sold, the cost of the materials used, labor or service cost, interest paid, losses or any other expenses whatsoever; provided, however, that discounts allowed and taken on sales shall not be included, and 'sale price' shall not include allowances in cash or by credit made upon the return of merchandise pursuant to warranty, or the price of property returned by customers when the full price thereof is refunded either in cash or by credit, *nor shall 'sale price' include the price received for labor or services used in installing or applying or repairing the property sold, if separately charged or stated.*" (Emphasis supplied.)

The assessor contends that the cost of the labor or services is only excluded from the sale price if "separately charged or stated" in the invoice of the vendor and that any other evidence thereof is inadmissible and not to be considered at an oral hearing for reconsideration of an assessment. The appellant (hereinafter referred to as vendee), on the other hand, argues that the price for labor or services is "separately charged or stated" if shown on the records of the vendor and that the records of the vendor are admissible in a use tax assessment proceeding to determine the amount to be excluded from the sale price.

The vendee is a foreign corporation engaged in the business of manufacturing pulp paper products in Maine. It is successor to Hollingsworth & Whitney Company. The vendee has no regular place for making retail sales in the State but is registered with the State Tax Assessor under the provisions of the Sales and Use Tax Law. In the conduct of its business the vendee makes purchases of tangible

personal property at retail sale, both within and without the State of Maine. The transactions here involved took place under provisions of Regulation 8 which relieved vendors from collecting taxes from the vendee. The vendee under this regulation obligated itself to report and pay directly to the assessor all sales and use taxes on all taxable, tangible personal property purchased by it. The vendee made all purchases in issue in this case under the terms of Regulation 8.

The assessor audited the books and records of the vendee and on February 18, 1958 assessed additional use taxes and interest from November 1, 1955 to October 31, 1957 in the sum of $13,029.76. The vendee petitioned for reconsideration of the assessment and an oral hearing was held before the assessor on April 9, 1958. The assessor rendered his decision on May 27, 1958, determining the use tax and interest as being $10,998.78 tax and $1,061.33 interest. The total use tax assessed on labor and service charges amounts to $2,731.53, with interest at $301.79, which totals the amount in controversy. The balance of the tax and interest has been paid and is not in issue. During the oral hearing vendee sought to show from the books and records of the vendor the separation or breakdown of labor or services as distinguished from the cost of material. The assessor excluded such evidence as inadmissible not because of its incompetency as evidence but for the reason that the only evidence he would accept was any separation or breakdown contained in the invoices or records of the vendee, and in these cases there were no such breakdowns in the invoices received by the vendee.

The definition of the words "sale price" as used in Sec. 2 presents the issue.

At the time of the audit of the books of the vendee, the items assessed were billed on a lump sum basis without any breakdown of labor and materials. The assessor's position

is that the Legislature in using the words "separately charged or stated" intended that the separation of items for labor and service from the material purchased should be reflected on the invoices or books of the vendee, which in the instant case is the taxpayer, so that the tax assessor by audit or examination would be able to determine the proper basis upon which the assessment should be made. The assessor further contends that the vendee, having failed to show the breakdown on its records at the time of audit, is precluded from showing such breakdown or separation at a subsequent hearing on reconsideration.

The transactions involved in this tax dispute are in three general classes:

"1.    The appellant entered into lump sum contracts for the installation of machinery owned by the appellant with the contractor furnishing labor and materials to complete the installation. This class includes:

| Lord Electric Co. | |
|---|---|
| Total invoice | $109,537.10 |
| Labor | 92,507.49 |
| Materials | 17,029.61 |
| Economy Electric Co. | |
| Total invoice | $ 3,787.50 |
| Labor | 2,278.43 |
| Materials | 1,509.07 |
| Midwest Piping Co. | |
| Total invoice | $ 1,560.00 |
| Labor | 1,000.00 |
| Materials | 560.00 |
| Dole Company | |
| Total invoice | $ 3,963.00 |
| Labor | 3,252.00 |
| Materials | 711.00 |
| P. S. Thorsen Co. | |
| Total invoice | $ 30,161.00 |
| Labor | 20,509.00 |
| Materials | 9,652.00 |

The appellant entered into lump sum contracts for the repair of machinery or equipment owned by it with the contractor supplying labor and materials to complete the repair work. This class includes:

Improved Machinery Co.
| | | |
|---|---|---:|
| Total invoice | $ | 688.00 |
| Labor | | 329.00 |
| Materials | | 359.00 |

Beloit Iron Works
| | | |
|---|---|---:|
| Total invoice | $ | 17,640.00 |
| Labor | | 11,811.00 |
| Materials | | 5,829.00 |

Cheney Bigelow Wire Co.
| | | |
|---|---|---:|
| Total invoice | $ | 1,166.00 |
| Labor | | 736.68 |
| Materials | | 429.32 |

Hodgdon Bros.-Goudy & Stevens
| | | |
|---|---|---:|
| Total invoice | $ | 571.00 |
| Labor | | 418.63 |
| Materials | | 152.37 |

The appellant entered into lump sum contracts for the acquisition and installation of machinery furnished by the contractor. This class cludes:

Execuphone Systems, Inc.
| | | |
|---|---|---:|
| Total invoice | $ | 8,790.00 |
| Labor | | 3,071.00 |
| Materials | | 5,719.00" |

The assessor under authority of Sec. 20, having determined a deficiency in vendee's payment of taxes, assessed additional taxes and interest. Sec. 32 provides that any person against whom an assessment shall be made by the assessor may petition for a reconsideration of the assessment. The petitioner may adopt one of two courses, either to file a petition requesting a reconsideration without a hearing, or he may in his petition for reconsideration request an oral hearing as did the vendee in this case. At this

hearing the vendee had the burden of proving the transactions were not, in part, taxable. Chap. 17, Sec. 9:

"The burden of proving that a transaction was not taxable shall be upon the person charged with tax liability."

This burden could be met by the vendee if it were permitted to show the items taxed were "separately charged or stated." The vendee would have been able to meet the burden placed upon it by producing competent evidence at the hearing that the items taxed were "separately charged or stated" but the evidence to prove this fact was available only from the records of the vendor. The assessor because of his interpretation of the Legislature's definition of "sale price" did not permit the taxpayer to show through this otherwise competent evidence that the items were "separately charged or stated." The assessor takes the position that the Legislature intended that unless the items were separately charged or stated on the vendee's invoices or records the door was forever closed for it to otherwise prove the fact. The Legislature provides in plain and unambiguous language that "sale price" shall not "include the price received for labor or services used in installing or applying or repairing the property sold, if separately charged or stated." Unfortunately, the Legislature failed to specify whether the vendor's or vendee's records must show the property separately charged or stated. Did it intend to restrict the breakdown to invoices only, or did it consider that where a hearing was had, such as in this case, the breakdown could be shown by competent evidence from the vendor's records? Did it enact Sec. 9 which places the burden of proving that a transaction was not taxable upon the person charged with tax liability and at the same time intend to take from him the right to satisfy the burden by competent evidence? The tax assessor ordinarily would have predicated the tax upon an audit of the vendor's rec-

ords but in this case where Regulation 8 is concerned the audit was made and subsequent tax base established on the records available in the possession of the vendee. According to the interpretation the assessor gave to the definition of "sale price," as contained in Sec. 2 of the Act, the vendee was estopped from showing that it was entitled to be taxed on a lower sales price because it didn't have in its possession an invoice or other record showing a breakdown.

The sales tax is collected by the retailer from the purchaser and paid by him to the State. Sec. 5, "Every retailer shall add the sales tax - - - - or the average equivalent of said tax, to his sale price - - - - -." Sec. 3 provides, "Retailers shall pay such tax at the time and in the manner hereinafter provided, and it shall be in addition to all other taxes." The Legislature, having placed the responsibility on the retailer for payment of the tax, provides the tax assessor with the authority to determine amount due and its collection. Sec. 29, "Every retailer shall keep records of his sales, the kind and form of which shall be adequate to enable the assessor to determine the tax liability. All such records shall be safely preserved for a period of 3 years in such manner as to insure their security and accessibility for inspection by the assessor or by any of his employees engaged in the administration of this chapter. The assessor may consent to the destruction of any such records at any time within said period." Sec. 25 gives the assessor power of "examination or investigation of the place of business, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any retailer."

The transactions involved are such that Sec. 4 of the Sales and Use Tax is concerned. The vendor has in this instance been relieved of collecting the taxes from the vendee because of Regulation 8, which reads as follows:

"With respect to manufacturers and utilities, where the Assessor finds that the conduct of a tax-

payer's business renders it impractical or inequitable for it to pay sales and use taxes separately under the law on purchases made by it, and where the Assessor has determined that payment of such taxes to the State would not be jeopardized, such taxpayer shall be given a certificate, with an identifying registration number, relieving its vendors of collecting such taxes from it, upon the taxpayer's obligating itself to report and pay directly to the Assessor sales and use taxes on all tangible personal property purchased by it, the sale or use of which is otherwise taxable. The placement of such registration number on the taxpayer's purchase orders or contracts shall be sufficient evidence to its vendors to relieve them from collecting sales or use taxes thereon. The Assessor may require any such taxpayer to give bond, in such sum and form as he may deem necessary to secure the payment of such taxes."

The Sales and Use Tax Law is designed for the imposition of a tax on the sale of personal property and for the collection of such tax. The Legislature has provided a method of collection by placing upon the retailer, first, a responsibility to collect the tax and, secondly, the payment of it to the State. The tax assessor is provided with the authority and power of investigation of the business books and records of the retailer to facilitate the collection of the tax. The books, records and other documents of the retailer are expected to reflect the amount of tax due the State on personal property sold by the retailer. When the audit is made of the records of the retailer, it is then that such exemptions as the law may provide are credited to him. If, for instance, in the examination of a retailer's records there should be found a transaction wherein material was sold and services rendered in its installation, the retailer would not be required to pay a tax on the amount charged for service. In analyzing the act it is not difficult to determine that the Legislature recognized that the natural and most accurate source

of information of sales tax income would be found on the records of the retailer. It is obvious that a purchaser would seldom, if at all, have in his possession any records showing amount of sales tax on purchases made by him.

The function of Regulation 8 is one of practicability to the end that a vendor is relieved of his legal responsibility to collect and pay the tax upon the vendee agreeing to pay such tax. The Regulation in no way changes the apparent intent of the Legislature that the proper and most reliable source of data upon which to base the tax is the books and records of the vendor where would be found information as to whether property sold was *separately charged or stated.*

*Roberts* v. *Glander,* 156 Ohio St. 247, 102 N. E. (2nd) 242 concerns itself with definition and meaning of "price" as used in its Sales Tax Law. This was the case of an upholsterer who recorded separately on his books charges for services performed and material used in upholstery repairs, but did not give his customers the breakdown in their invoices. Incidentally, this case treats of records of a vendor. The statute, in substance, is similar to the one concerned in this case. The opinion of the court, on page 244, analyses the question in a most comprehensive and enlightening manner by saying:

> "(2)   A careful examination of the Sales Tax Act, Sections 5546-1 to 5546-24c, inclusive, General Code, discloses that nowhere in the act is it stipulated how or in what manner the consideration for services and that for materials shall be 'separately stated' to except the former as a predicate for the tax. This fact suggests an inquiry as to the purpose of the statutory requirement for separation for tax purposes. Is it for the benefit of the vendee by way of an invoice for his purchase, or is it to enable the Tax Commissioner to determine and assess the tax against the vendor?

> There is no indication in the act that the require-
> ment concerns the vendee, as he has no obligation
> to compute, or make a return of the tax to the
> state, and he is advised of its amount by the can-
> celled tax receipts which he receives from his ven-
> dor. Doubtless, a purchaser may demand an in-
> voice for, as he may demand an inspection of,
> goods purchased before payment may be required.
> On the other hand, it is apparent that the purposes
> to be served in making the separation of charges
> are to enable the Tax Commissioner to determine
> and assess the tax and to enable the vendor to
> make his tax return to the state and claim his ex-
> ception by keeping copies of his invoices or by
> keeping books of account reflecting the breakdown
> of the charges. And it is quite apparent that such
> a breakdown on the books of the vendor would be
> just as efficacious for the purpose and more per-
> manent in form than the retention of invoices as
> and when made."

A most important consideration is the rights of the
vendee at the oral hearing. This is a hearing where sub-
stantive rights of the vendee are concerned and in view of
the fact that the Sales and Use Tax Law imposes upon it the
burden of proving the transactions were not taxable (Sec.
9) and where it was in possession of competent evidence to
satisfy that burden, it follows that refusal to accept such
evidence would be extremely prejudicial.

It is not logical to take the position that the Legislature
in placing the burden of proof on the taxpayer to prove non-
taxability intended that its definition of "sale price" should
be interpreted in such a manner as to preclude him from
satisfying the burden by the introduction of competent evi-
dence.

> "That a refusal by an administrative agency
> such as the National Labor Relations Board to re-
> ceive and consider competent and material evi-
> dence offered by a party to a proceeding before it,

amounts to a denial of due process is not open to debate." *Donnelly Garment Co.* v. *National Labor Relation Board,* 123 F. (2nd) 215.

The reasons for appeal are not that the findings of the assessor were not supported by evidence but rather that an error in law was committed by the assessor's refusal to admit evidence which was pertinent and material in character and that as a result of the refusal to admit this evidence, the use tax assessment as determined on reconsideration was erroneous.

According to the undisputed facts and our view of the law applicable thereto, the tax assessor was in error in not admitting the records of the vendor at the oral hearing.

The use tax assessment amounting to $2731.53, with interest of $301.79, shall be abated.

*Case remanded to the Superior Court for entry of judgment for appellant in accordance with this opinion.*